■ THELMA K. LANGER, Appellant, v BEATRICE KRIVITZKY, Individually and as Executrix of PHILIP KRIVITZKY, Deceased, Respondent.—In an action to recover damages for fraud, misrepresentation and undue influence, plaintiff appeals (1) from an order of the Supreme Court, Kings County (Krausman, J.), dated November 30, 1983, which denied her motion to restore this matter to the Trial Calendar of that court or, in the alternative, to dismiss the complaint without prejudice to prosecute it in the Surrogate's Court, and (2) from an order of the same court, dated June 28, 1984, which denied reargument.

Appeal from the order dated June 28, 1984 dismissed, without costs or disbursements. No appeal lies from an order denying reargument.

Order dated November 30, 1983 affirmed, without costs or disbursements.

Plaintiff commenced this action against her sister, the defendant, to recover damages for fraud, misrepresentation and undue influence over their father, Philip Krivitzky, who died in 1976, and for concealment of assets in their deceased mother's estate. When the father's will had been submitted for probate, plaintiff herein filed objections which she ultimately withdrew in a settlement which included the signing by her of a release of those objections in favor of the defendant and others.

This action came on for trial before Justice Max E. Cooper on May 28 and 29, 1981, and he rendered a decision dated

June 12, 1981, which determined the issues raised in defendant's favor. Justice Cooper died shortly thereafter and no judgment has yet been entered on his decision.

By notice of motion dated September 27, 1983, plaintiff moved to restore the case to the Trial Calendar or, in the alternative, to dismiss the complaint without prejudice to prosecution in the Surrogate's Court. Special Term denied the motion, by the order dated November 30, 1983, as a prior decision existed which denied the relief requested and plaintiff had not sought to redress the situation by resort to remedies available under the CPLR. Plaintiff's motion for reargument was denied by an order dated June 28, 1984.

With respect to the order which denied plaintiff's motion to restore this action to the Trial Calendar or to dismiss without prejudice, we find that such was proper as an outstanding decision existed with respect to the issues which plaintiff was seeking to relitigate. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.